JONATHAN WAYNE LARRABEE,

        Plaintiff,

v.                                  Case No.  5:18-cv-246-Oc-40PRL

C. MASARONE, FNU ROCHELLE,
FNU MILLER, R.C. CHEATHAM,
JOHN/JANE DOE, JOHN/JANE DOE,

        Defendants.

_____

## ORDER

Plaintiff, an inmate at the Coleman Federal Correctional Complex, alleges in his *pro se* complaint[1] that Defendants violated his constitutional rights when an officer slammed him to the floor and another officer failed to intervene; he also alleges wrongdoing by supervisors, retaliation, and property loss.  (Doc. 1.)  The Defendants have moved to dismiss Plaintiff's case pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure, alleging that he has failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA) as to all Defendants except Defendant Rochelle, and that he has failed to state a claim against Rochelle.  (Doc. 24.)  Defendant Masarone is deceased and is not a party to action.  (*Id.* at Doc. 24, Exh. C,

---

[1] The complaint is filed pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (authorizing suits against individual federal officials).

Declaration by Elizabeth Villarreal). Ms. Villarreal, Human Resources Manager at FCC Coleman, attests that Officer Masarone died on April 23, 2018. (*Id.*) (Doc. 24.) Plaintiff did not file the present suit until May 2018. (Doc. 1.)

The motion to dismiss was filed June 17, 2019. (Doc. 24.) Plaintiff did not file a response, and on July 26, 2019, the Court directed Plaintiff to show cause within 14 days why his case should not be dismissed for failure to file a response to the motion to dismiss. (Doc. 25.) To date, Plaintiff has not responded to the Order to Show Cause or otherwise filed any papers with the Court.

For the reasons discussed below, Plaintiff's complaint is due to be dismissed.

## A. **Plaintiff's Complaint**

Plaintiff alleges that on April 4, 2017, while incarcerated at FCC Coleman – USP II, he went to the computer room and Defendant Officer Masarone came up behind him and told him to turn the computer off. They began cursing at each other, and despite following Masarone's instructions to put his arms at his sides, Masarone slammed Plaintiff to the floor. (Doc. 1, ¶ 1.) Officer Rochelle was present but "failed to intervene to prevent the misuse of force." (*Id.* at ¶ 2.)

Plaintiff woke up the next day with pain in his ribs and the side of his chest. He went to sick call but medical staff (John/Jane Doe defendants) failed to provide medical treatment for possible broken ribs. (*Id.* ¶ 6.)

Plaintiff subsequently received various disciplinary reports and alleges that on June 30, 2017, Defendant Assistant Warden Miller personally shook down his cell and

threw away paperwork.  (*Id.* ¶ 18.)  Plaintiff claims that Defendants Miller and Warden

R.C. Cheatham failed to discipline Defendants Masarone and Rochelle  (*Id.* ¶¶ 25, 26.)

For relief, Plaintiff seeks monetary damages.  (*Id.* at p. 12.)

### B.  <u>Standard of Review</u>

In passing on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, the Court is mindful that "[d]ismissal of a claim on the basis of bare bones

pleadings is a precarious disposition with a high mortality rate."  *Int'l Erectors, Inc. v.

Wilhoit Steel Erectors Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968).  Thus, for the purposes

of a motion to dismiss, the Court must view the allegations of the complaint in the light

most favorable to the plaintiff, consider all of the allegations of the complaint as true, and

accept all reasonable inferences that might be drawn from such allegations.  *Jackson v.

Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232,

236 (1974).  Furthermore, the Court must limit its consideration to the complaint and

written instruments attached as exhibits.  Fed. R. Civ. P. 10(c); *GSW, Inc. v. Long County,

Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

Once a claim has been stated adequately, it may be supported by showing any set

of facts with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007).  However, "while notice pleading may not require that the pleader allege a

'specific fact' to cover each element of a claim, it is still necessary that a complaint contain

either direct or inferential allegations respecting all the material elements necessary to

sustain a recovery under some viable legal theory."  *Roe v. Aware Woman Center for Choice*,

253 F.3d 678, 683 (11th Cir. 2001).

## C.  **Exhaustion Requirement of the PLRA**

The PLRA, at 42 U.S.C. § 1997e, reads:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Plaintiff is required to exhaust his administrative remedies before filing suit, regardless of the relief offered through administrative procedures.  *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998).

The Bureau of Prisons has a three-level administrative remedy process if informal resolution procedures fail to achieve the inmate's desired results.  *See* 28 C.F.R. § 542.10, *et seq*.  The administrative remedy process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated.  If the inmate's complaint is denied, he may file a Regional Appeal with the Regional Office for the  geographic region in  which the inmate is confined.  If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel.  Proper exhaustion requires the completion of all three steps of review.  *Irwin v. Hawk*, 40 F.3d 347, 349, n. 2 (11th Cir. 1994) ( "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels.");  *Jones v. Bock*, 549 U.S. 199, 211 (2002) (unexhausted claims are not permitted).

## D. **Discussion**

**1. Exhaustion**

Defendants contend that the only claim Plaintiff properly exhausted through the BOP's administrative remedy process is his allegation he was assaulted by Masarone and that Rochelle failed to intervene. (Doc. 24.) The remainder of Plaintiff's claims—for deprivation of medical care, retaliation, and property loss—were not exhausted and are therefore due to be dismissed without prejudice for failure to exhaust administrative remedies.

In support of their argument, the Defendants have presented the sworn declaration of Jeanie Register, Legal Assistant at FCC Coleman. (Doc. 24, Exh. B.) Register attests that after reviewing BOP records, Plaintiff did properly exhaust a claim that he was assaulted by a staff member on April 4, 2017. (*Id.* at ¶ 7.) Register attests that Plaintiff filed no administrative remedies regarding lack of medical care or mishandling of his property; and that his retaliatory transfer claim was not exhausted through the necessary BOP process. (*Id.* at ¶¶ 10-11.)

Plaintiff has failed to respond to the motion to dismiss. Based on the record before the court, his claims related to retaliation, medical care, and property loss are all due to be dismissed without prejudice for failure to exhaust administrative remedies.

**2. Failure to Intervene**

Plaintiff's only exhausted claim is that Masarone slammed him to the ground on April 4, 2017, and that Rochelle violated Plaintiff's Eighth Amendment rights by failing to intervene. Defendants argue that they are entitled to qualified immunity because

Plaintiff has failed to state a claim for a constitutional violation as to Defendant Rochelle. (Doc. 24.) As noted above, Defendant Masarone died prior to the filing of the present action.

The Court finds that, taking Plaintiff's allegations in his complaint as true, he has failed to state a claim for a constitutional violation against Defendant Rochelle, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff alleges he was slammed to the ground one time following a verbal altercation with Masarone. He alleges Rochelle should have intervened but did not.

It is the law of the Eleventh Circuit that "an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance." *Skrtich v. Thornton*, 280 F.3d 1295, 1302 (11th Cir. 2002). "But it must also be true that the non-intervening officer was in a position to intervene yet failed to do so." *Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008).

Here, by Plaintiff's own account, there is no indication that Rochelle would have known that Masarone was going to slam Plaintiff to the ground; especially given Plaintiff's contention that he was complying with Masarone's orders. Plaintiff does not allege an ongoing period of force or that there would have been any opportunity for Rochelle to intervene. Plaintiff has failed to state an Eighth Amendment claim against Defendant Rochelle. *See also Grimes v. Felder*, 747 Fed. Appx. 752 (11th Cir. 2018) (rejecting claim that officer was liable for failure to intervene when another office allegedly slapped an inmate and a few seconds later hit him in the ear).

### 3. Supervisory Liability

To the extent Plaintiff alleges that Defendant Miller, the Assistant Warden, and Cheatham, the Warden, are liable for the alleged assault on Plaintiff because they are his supervisors, his claims fail. "It is well established in this circuit that supervisory officials are not liable under *Bivens* for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir.2003) (quotation and alteration omitted); *Corbett v. Transp. Sec. Admin.*, 568 F. App'x 690, 697 (11th Cir.2014). The standard for which a supervisor is held liable is "extremely rigorous"—supervisors can be held liable when "'the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation.'" *Gonzalez*, 325 F.3d at 1234 (quoting *Braddy v. Fla. Dep't of Labor & Employment Sec.*, 133 F.3d 797, 802 (11th Cir.1998)); *Corbett*, 568 F. App'x at 697.

Plaintiff has failed to allege facts that would state a claim against Miller or Cheatham for supervisory liability as to Plaintiff's excessive force claim. He has alleged neither personal participation in the alleged violation nor a causal connection.

### 4. Property Loss

Plaintiff filed an administrative claim with the BOP regarding the confiscation of his property. (Doc. 24, Exh. B, Attachment 5.) To the extent Plaintiff asserts a claim under the Federal Tort Claims Act (FTCA) for property loss, the Court does not have subject matter jurisdiction to consider his claim.

Title 28 U.S.C. § 2680(c) states that the FTCA immunity waiver does not apply to "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." The Supreme Court in *Ali* held that this language applies to instances in which an inmate sues the United States because a federal prison has lost his property. *Ali*, 552 U.S. at 227–28. The Court determined that Federal Bureau of Prisons employees are "other law enforcement officers" under the FTCA, which means that a prisoner whose property is confiscated by Federal Bureau of Prisons employees cannot bring suit under the FTCA. *See* also *Parrott v. U.S.*, 536 F.3d 629, 635–36 (7th Cir. 2008) ("detention" of property includes situations where an inmate's property is confiscated).

**5. Miscellaneous Motions**

Prior to the filing of the motion to dismiss, Plaintiff moved to amend his complaint to name Dr. Kenneth Gomez, Clinical Director at FCC Coleman, as a defendant in relation to his medical claims. (Doc. 14.) Because Plaintiff has not exhausted those claims, his motion to amend would be futile and is due to be denied.

Plaintiff also filed, prior to the motion to dismiss, a "Motion for Rule 12(b) of the Fed. R. Civ. P. Subject Matter Jurisdiction" (Doc. 21) arguing that there was no jurisdiction to convict him of his underlying crime (second degree murder, in the U.S. District Court of South Dakota) and asking this Court to order his immediate release. Plaintiff cannot challenge the validity or execution of his sentence in a civil rights action. *See Preiser v.*

*Rodriguez*, 411 U.S. 475, 499 (1983). His motion for immediate release is due to be denied for lack of jurisdiction.

### E. <u>Conclusion</u>

Upon due consideration, it is ORDERED:

1.  Defendants' Motion to Dismiss (Doc. 24) is GRANTED. Plaintiff's deliberate indifference, retaliation, and property loss claims under *Bivens* are dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff's Eighth Amendment excessive force/failure to intervene claim against Defendants Rochelle, Miller, and Cheatham is dismissed for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Any property loss claim pursuant to the FTCA is dismissed for lack of jurisdiction.

2.  Plaintiff's motion to amend (Doc. 14) is DENIED as futile.

3.  Plaintiff's motion for immediate release (Doc. 21) is DISMISSED for lack of jurisdiction.

4.  The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Orlando, Florida, on September 11, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties
SA: OCAP-2